IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RUSSELL HURN and JOSE VIEIRA, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GMRI, Inc., and DARDEN RESTAURANTS, INC., <br><br> Defendants. | CIVIL ACTION FILE NO.: <br><br><br> JURY TRIAL DEMANDED |

## COLLECTIVE ACTION COMPLAINT

Plaintiffs, Russell Hurn ("Hurn") and Jose Vieira ("Vieira") (collectively referred to herein as "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, file this Collective Action Complaint against Defendants GMRI, Inc. ("GMRI") and Darden Restaurants, Inc. ("Darden") (collectively, "Defendants"), seeking all relief available under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), on behalf of Plaintiffs and all current and former similarly situated Restaurant Managers ("RMs").

The following allegations are based on personal knowledge as to Plaintiffs'

own conduct and are made on information and belief as to the acts of others.

## NATURE OF THE ACTION

1.     Plaintiffs bring this action on behalf of themselves and all current and former Restaurant Managers ("RMs"), and individuals holding comparable salaried positions with different titles, employed at Olive Garden, a wholly owned subsidiary of Defendants.

2.     Olive Garden is a nationwide restaurant chain of over 800 restaurants. Defendants employ RMs in its restaurants throughout the United States. Although Defendants consider RMs to be "managers," RMs are not responsible for true management functions. To the contrary, RMs spend the vast majority of their time performing the same duties as non-exempt employees, including serving customers, preparing food, stocking shelves, physically moving merchandise, counting inventory, and cleaning the store.

3.     As alleged herein, Plaintiffs and all other similarly situated RMs were required to work more than forty (40) hours in a workweek while employed by Defendants in order to complete their job duties. However, in accordance with Defendants' policy, pattern, and/or practice, they were misclassified as exempt from overtime compensation and were not paid at the mandated rate of time-and-one-half for all hours worked in excess of forty (40) in a work week.

4. Defendants systematic failure and refusal to pay Plaintiffs and all other similarly situated RMs for all hours worked over forty (40) in a workweek violates the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

5. Pursuant to 29 U.S.C. § 216(b), Plaintiffs bring this case as a collective action on behalf of RMs who worked at Defendants' Olive Garden restaurants throughout the country (other than in California), and individuals holding comparable salaried positions with different titles, from October 15, 2015 through to the entry of judgment in this case (the "FLSA Collective"). This action asserts that Defendants misclassified these individuals as exempt from overtime under the FLSA.

6. Plaintiffs allege on behalf of themselves and similarly situated RMs that they are: (i) entitled to unpaid overtime compensation for all hours worked above forty (40) in a workweek, as required by the FLSA, earned at any time from October 15, 2015 through to the entry of judgment in this case (the "Relevant Period"); (ii) liquidated damages; (iii) pre-judgment interest; and (iv) attorney's fees and litigation expenses, pursuant to the FLSA.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Defendants are subject to personal jurisdiction in Georgia.

10. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b) since Defendants are a resident of this District, a substantial part of the events or omissions giving rise to the claims in this Collective Action Complaint occurred within this District and because one of the Plaintiffs, Russell Hurn, resides in this District.

## THE PARTIES

### *Plaintiff Russell Hurn*

11. Plaintiff Russell Hurn resides in Marietta, Georgia (Cobb County). Between approximately October 2015 and approximately May 2018, Hurn was employed by Defendants as an RM at Olive Garden restaurants located in Kennesaw, Georgia and Canton, Georgia.

12. Throughout his employment as an RM with Defendants, Hurn was scheduled to work at least 45 hours each week. However, in reality, Hurn worked on average between 55 to 65 hours a week (including, but not limited to, during the weeks of, and leading up to, Thanksgiving and Christmas).

13. The work Hurn performed was at the direction, and for the benefit, of

Defendants.

14. Pursuant to Defendants' policy, pattern or practice, Hurn was not paid premium overtime compensation for all hours worked over forty (40) in a work week.

15. Hurn regularly worked more than forty (40) hours in a workweek for Defendants' benefit. Pursuant to Defendants' policy of misclassifying all RMs as exempt, Hurn was not paid proper overtime compensation for all hours he worked over forty (40) in a workweek.

16. Plaintiff Hurn has consented to join this action. *See* Exhibit A.

### *Plaintiff Jose Vieira*

17. Plaintiff Jose Vieira resides in Athens, Georgia (Athens-Clark County). Between approximately October 2015 and approximately June 2017, Vieira was employed by Defendants as an RM at Olive Garden restaurants located in Athens, Georgia and Buford, Georgia.

18. Throughout his employment as an RM with Defendants, Vieira was scheduled to work at least 45 hours each week. However, in reality, Vieira worked on average between 55 to 70 hours a week (including, but not limited to, during the weeks of, and leading up to, Thanksgiving and Christmas).

19. The work Vieira performed was at the direction, and for the benefit, of

Defendants.

20.  Pursuant to Defendants' policy, pattern or practice, Vieira was not paid premium overtime compensation for all hours worked over forty (40) in a work week.

21.  Vieira regularly worked more than forty (40) hours in a workweek for Defendants' benefit. Pursuant to Defendants' policy of misclassifying all RMs as exempt, Vieira was not paid proper overtime compensation for all hours he worked over forty (40) in a workweek.

22.  Plaintiff Vieira has consented to join this action. *See* Exhibit B.

## **Defendants**

23.  Defendants own and operate 850 "Olive Garden" branded restaurants throughout the United States.[1]

24.  Defendant Darden Restaurants, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 1000 Darden Center Drive, Orlando, Florida 32837.

25.  Respondent GMRI, Inc. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business at 1000 Darden

---

[1] *See* https://s2.q4cdn.com/922937207/files/doc_financials/2018/Darden-2018-Annual-Report-on-Form-10-K.pdf, at 1 (last accessed August 6, 2019).

Center Drive, Orlando, Florida 32837. Respondent GMRI, Inc. is a wholly-owned subsidiary of Darden Restaurants, Inc.[2]

26. According to Darden's most recently-filed 10-K, GMRI, Inc. owns and operates certain of Darden's restaurants. *Id*. Upon information and belief, this includes "Olive Garden" branded restaurants.

27. Defendants jointly employed Plaintiffs and all current and former RMs who were, or are, engaged in interstate commerce or in the production of goods for interstate commerce or engaged in handling, receiving, selling, or otherwise working on goods or material that have been moved in or produced for interstate commerce.

28. Defendants are each a covered employer within the meaning of the FLSA and, at all relevant times, employed Plaintiffs and all current and former RMs.

29. Defendants jointly had substantial control over Plaintiffs and their RMs working conditions and the unlawful policies, patterns and/or practices alleged herein.

30. At all relevant times, Defendants jointly maintained control, oversight

---

[2] *See* https://s2.q4cdn.com/922937207/files/doc_financials/2018/Darden-2018-Annual-Report-on-Form-10-K.pdf, at 1 (last accessed August 6, 2019).

and direction over Plaintiffs and their RMs, including training, timekeeping, payroll and other employment policies, patterns and/or practices that applied to them.

31. At all relevant times, Defendants' annual gross volume of sales made or business done was not less than $500,000.

## FACTUAL ALLEGATIONS

32. Defendants own and operate several brands of restaurant-chains which operate throughout the United States.

33. In fiscal year 2018, Defendants revenue exceeded $8 billion.[3]

34. Defendants employ approximately 180,000 "team members" (*id.*, at 4), of which several thousand are believed to be RMs.

35. Defendants maintain strict control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiffs and the members of the FLSA Collective.

36. Plaintiffs' and the members of the FLSA Collective's work as RMs was performed in the normal course of Defendants' business and was integrated into it.

---

[3] *See* https://s2.q4cdn.com/922937207/files/doc_financials/2018/Darden-2018-Annual-Report-on-Form-10-K.pdf, at 4 (last accessed August 6, 2019).

37. Consistent with the Defendants' policy, pattern and/or practice, Plaintiffs and the members of the FLSA Collective regularly worked in excess of 40 hours per workweek without being paid overtime compensation. For example, and upon information and belief, RMs are scheduled to work at least 45 hours each workweek (five 9-hour shifts). However, RMs routinely work more hours, including leading up to, and during, busy holidays such as Thanksgiving and Christmas.

38. All of the work that Plaintiffs and the members of the FLSA Collective performed was assigned by Defendants, who were aware of the work that they performed.

39. The work performed by Plaintiffs and the members of the FLSA Collective required little skill and no capital investment.

40. Plaintiffs and the members of the FLSA Collective performed or perform the same primary job duties including, but not limited to:

    (a)    helping customers;

    (b)    ringing customers up on the cash register;

    (c)    serving food and drinks to customers;

    (d)    preparing orders;

    (e)    cleaning dishes;

  (f) cleaning the restaurant, including the bathroom;

  (g) unloading delivery trucks; and

  (h) stocking and counting inventory.

41. The primary job duties of Plaintiff and the members of the FLSA Collective did not materially differ from the job duties of non-exempt hourly paid employees.

42. The primary job duties of Plaintiffs and the members of the FLSA Collective were manual and/or clerical in nature.  The performance of manual and/or clerical labor occupied the majority of the working hours of Plaintiffs and the members of the FLSA Collective.

43. The primary duty of Plaintiffs and the members of the FLSA Collective did <u>not</u> include:

  (a) hiring or firing employees;

  (b) disciplining employees;

  (c) scheduling employees;

  (d) directing employees' work;

  (e) supervising and delegating tasks to employees; or

  (f) exercising meaningful independent judgment and discretion.

44. Plaintiffs and the members of the FLSA Collective are similarly situated in that they have substantially-similar job duties and are subject to Defendants' common compensation policies, patterns, and/or practices.

45. Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendants classified all RMs, including Plaintiffs, as exempt from coverage of the overtime provisions of the FLSA.

46. Upon information and belief, Defendants did not perform a person-by-person analysis of Plaintiffs' and the members of the FLSA Collective's job duties when making the decision to classify RMs as exempt from the overtime protections of the FLSA.

47. Defendants knew that Plaintiffs and the members of the FLSA Collective primarily performed non-exempt, manual duties, and that Plaintiffs and the members of the FLSA Collective were not performing activities that complied with any FLSA exemption.

48. Due to the foregoing, Defendants' failure to pay overtime wages for work performed by Plaintiffs and the members of the FLSA Collective in excess of 40 hours per week was willful.

49. The work performed by Plaintiffs and the members of the FLSA Collective constitutes compensable work time under the FLSA and was not

preliminary, postliminary or *de minimis*.

50. Defendants' unlawful conduct has been widespread, repeated, and consistent. Inasmuch as Defendants are substantial corporate entities aware of their obligations under the FLSA, they acted willfully or recklessly in failing to classify Plaintiffs and other similarly situated RMs as non-exempt employees.

## FLSA COLLECTIVE ACTION ALLEGATIONS

51. Plaintiffs bring their First Cause of Action under the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and the FLSA Collective.

52. At all relevant times, Plaintiffs and the members of the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

53. The overtime wage provisions set forth in §§ 201 *et seq*. of the FLSA apply to Defendants.

54. Defendants are joint employers of Plaintiffs and the members of the FLSA Collective and are engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. § 207(a).

55. At all relevant times, Plaintiffs and the members of the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

56. Defendants have failed to keep accurate records of time worked by

Plaintiffs and the members of the FLSA Collective.

57. Defendants are liable under the FLSA for, among other things, failing to properly compensate Plaintiffs and the members of the FLSA Collective.

58. Defendants have failed to pay Plaintiffs and the members of the FLSA Collective overtime compensation to which they were entitled under the FLSA when they worked beyond forty (40) hours in a workweek.

59. As part of their regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of the FLSA Collective. This policy, pattern or practice includes, but is not limited to:

> (a) willfully failing to pay Plaintiffs and the members of the FLSA Collective premium overtime wages for hours that they worked in excess of forty (40) hours per workweek;
>
> (b) willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and
>
> (c) willfully failing to record all of the time that Defendants' employees, including Plaintiffs and the members of the FLSA Collective, worked for the benefit of Defendants.

60. Upon information and belief, Defendants established labor budgets to cover labor costs for the restaurants in which Plaintiffs and the members of the FLSA Collective worked. However, Defendants did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary non-exempt tasks in each restaurant.

61. Defendants knew or recklessly disregarded the fact that their underfunding of restaurant labor budgets resulted in Plaintiffs and the members of the FLSA Collective (who were not paid overtime) working more than forty (40) hours in a workweek without receiving any overtime compensation. This allowed Defendants to avoid paying additional wages (including overtime) to non-exempt employees.

62. Because Defendants underfunded restaurant labor budgets, which in turn limited the amount of money available to pay non-exempt employees to perform manual and customer service tasks, RMs were required to – and did – perform these non-exempt tasks.

63. Defendants are aware or should have been aware that federal law required it to pay Plaintiffs and the members of the FLSA Collective premium overtime compensation for hours worked in excess of forty (40) per workweek.

64. Defendants did not make a good faith effort to comply with the FLSA

with respect to its timekeeping and compensation of Plaintiff and the members of the FLSA Collective.

65. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act:  Unpaid Overtime Wages
### (Brought on Behalf of Plaintiffs and the FLSA Collective)

66. Plaintiffs reallege and incorporate by reference the allegations in each of the paragraphs above.

67. Defendants have engaged in a widespread policy, pattern or practice of violating the FLSA in regard to Plaintiffs and the members of the FLSA Collective, as detailed in this Collective Action Complaint.

68. Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective for hours worked in excess of forty (40) in a workweek.

69. Upon information and belief, there are potentially thousands of similarly situated current and former Olive Garden RMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  Thus, notice should be sent to the members of the FLSA Collective, pursuant to 29 U.S.C. § 216(b).

70. The members of the FLSA Collective are known to Defendants and are readily identifiable and can be located through Defendants' records.

71. Defendants' unlawful conduct, as described above, was willful and/or in reckless disregard of the applicable wage and hour laws pursuant to Defendants' centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

72. As further evidence of its willful or reckless failure to classify Plaintiffs and the members of FLSA Collective as non-exempt employees – and notwithstanding being a substantial corporate entity aware of its legal obligations – Defendants have uniformly failed to: (a) accurately track or record actual hours worked by Plaintiffs and the members of the FLSA Collective; and (b) provide Plaintiffs and the members of the FLSA Collective with a method to accurately record the hours actually worked.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255, as it may be further extended or tolled by agreement, equity or operation of law.

74. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime compensation in accordance with the FLSA, in amounts to be determined

at trial, and are entitled to recovery of such amounts, liquidated damages, pre-judgment interest, attorneys' fees, costs and expenses pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

a. Designation of this action as an FLSA collective action on behalf of the FLSA Collective;

b. An award of unpaid wages for all hours worked in excess of 40 in a workweek;

c. An award of liquidated damages as a result of Defendants' willful failure to pay for all hours worked in excess of 40 in a workweek;

d. An award of damages representing Defendants' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

e. An award of prejudgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' and costs, including expert fees, and an award of service payments to Plaintiffs; and

g. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 7th day of August, 2019.

                                BUCKLEY BEAL, LLP

                                *s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@buckleybeal.com
Rachel Berlin Benjamin
Georgia Bar No. 707419
rberlin@buckleybeal.com
Isaac Raisner
Georgia Bar No. 925103
iraisner@buckleybeal.com
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

/s/ *Jason Conway*\*
Jason Conway, Esq.
**CONWAY LEGAL, LLC**
1700 Market Street, Suite 1005
Philadelphia, PA 19103
Telephone: (215) 278-4782
Facsimile: (215) 278-4807
jconway@conwaylegalpa.com

***Attorneys for Plaintiffs and the Putative FLSA Collective Members***

\*Motion to Admit *Pro Hac Vice* to be filed